**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2617

_____

BRIDGET HOLMES-MERGUCZ,
                                        Appellant

v.

CELLCO PARTNERSHIP, d/b/a VERIZON;
ECKERT, SEAMANS, CHERIN & MELLOTT LLC

_____

On appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:18-cv-11816)
U.S. Chief District Judge: Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 15, 2022

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: October 31, 2022)

_____

**OPINION**[*]

_____

BIBAS, *Circuit Judge*.

Bridget Holmes-Mergucz worked for Verizon. She was a poor employee: She missed

deadlines, fell short of quotas, and dissatisfied customers. She came off as unprofessional

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

and combative over the phone and in meetings, sparking complaints by her peers. Plus, she often worked unapproved overtime and left work early. In 2015, she was ranked 176th out of 180 customer-service representatives. Her productivity was much too low and her error rate way too high. So she was often put on plans to improve her performance.

In May 2016, Holmes-Mergucz was seriously injured in a car accident. Verizon gave her medical leave from work and then, starting in December, a work-from-home accommodation. But she kept making errors, missing deadlines, and disrespecting both clients and colleagues. In mid-2017, Verizon again put her on an action plan to improve.

In late 2017, Verizon sought to cut costs by firing its lowest-scoring employees. As part of this downsizing, it fired Holmes-Mergucz. Her division was one of two selected by her boss for layoffs. Of the three employees in her division, she and one other were cut. She now sues, claiming disability discrimination and retaliation. The District Court granted summary judgment for Verizon. *Holmes-Mergucz v. Cellco P'ship*, 2021 WL 3163985, at *9–10 (D.N.J. July 27, 2021). We review de novo, drawing every reasonable inference in her favor. *Crosbie v. Highmark Inc.*, 47 F.4th 140, 144 (3d Cir. 2022). Because there is no genuine factual dispute over causation or pretext, we will affirm. Fed. R. Civ. P. 56(a).

Holmes-Mergucz relies on circumstantial rather than direct evidence. Thus, as the parties agree, her claims are governed by the familiar three-step burden-shifting framework under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801–05 (1973). *See Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346–49 (3d Cir. 2022). At step one, her prima facie case fails for lack of causation. Her firing came two months after her last request to extend her disability accommodation. That was not suspiciously close in time, particularly

because her first request came more than a year earlier. *See, e.g.*, *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (holding that a three-week interval was not unduly suspicious). And she was fired as part of Verizon's blanket decision to cut costs, which had nothing to do with her injury. She tries to patch this hole by claiming that, after she started working from home, her bosses showed a pattern of antagonism. But the District Court adeptly dissected and rejected each of her conclusory, self-serving claims of antagonism. 2021 WL 3163985, at *6–9. We need not duplicate that analysis here.

Even if Holmes-Mergucz made out a prima facie case, she would still fail at step three. At step two, Verizon gave a legitimate reason for firing her: she was not good enough at her job to survive the company-wide cost cutting. So at step three, she must show that this explanation was pretextual. She cannot. She has neither directly rebutted Verizon's explanation nor produced evidence beyond her prima facie case. Verizon's neutral policy and her poor performance explain her firing. Her low rating included her objectively poor output, error rate, and company-wide rank, plus being on improvement plans. All of these were persistent problems *before* her injury. Indeed, even she admits that she was less skilled than the sole employee in her division who was kept on. That admission alone sinks her already leaky argument. *Cf. Ross v. Gilhuly*, 755 F.3d 185, 193–94 (3d Cir. 2014) (finding plaintiff's pretext argument "belied by the record" because he had "admitted to his subpar performance").

\* \* \* \* \*

Holmes-Mergucz suffered twice, first in a car crash and then being fired. Both hardships were surely difficult. But especially considering her poor job performance before her

3

injury, no reasonable jury could conclude that Verizon would have made a different decision if she had never asked for disability accommodations. *Cf. Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 801 (3d Cir. 2003). So the District Court correctly granted summary judgment. We will affirm.